IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF PENNSYLVANIA

MEGAN B. REISCH :
    Plaintiff :
: CIVIL ACTION NO:
v. :
:
CLARK ASSOCIATES INC., WEBSTAURANTSTORE :
LEARNING CENTER AND LINDSEY FOOSE :
:
    Defendants :

**COMPLAINT**

**JURY TRIAL DEMANDED**

**INTRODUCTION:**

    1.    This action is brought by Megan Reisch to redress her deprivation of rights under Title VII of the Civil Rights Act of 1964 as amended at Count I and violations of the Pregnancy Discrimination Act at Count II and violations of the Pennsylvania Human Relations Act (PHRA) at Count III. In support of these claims, Plaintiff Megan Reish alleges:

**JURISDICTION AND VENUE**:

    2.    Original jurisdiction founded on the existence of questions arising under particular statutes. The action arises under Title VII of the Civil Rights Act of 1964 as amended (Title VII) and the Pregnancy Discrimination Act (PDA).

    3.    Jurisdiction founded upon principals of pendent jurisdiction under 28 U.S.C Section 1367 that authorizes the court to supplemental jurisdiction over any claims against parties that are part of the same controversy as the claim that provides the basis for the court's original jurisdiction.

4. Defendants Clark Associates and Webstaurantstore Learning Center, are employers with more than 500 employees.

5. The matter in controversy exceeds, exclusive of interests and costs, the sum of one hundred thousand dollars.

6. Defendants' main business office is located at 3614 Old Philadelphia Pike, Intercourse, Lancaster County, Pennsylvania.

7. The unlawful practices and harm complained of occurred in Lancaster County in the Commonwealth of Pennsylvania where defendant employers conduct business and Plaintiff performed services on behalf of the Defendants. Plaintiff worked at the Webstaurantstore Learning Center located at 188 W. Airport Road, Lititz, PA.

8. Plaintiff complied with all the conditions precedent to the filing of this complaint. The Equal Employment Opportunity Commission (EEOC) issued to Plaintiff Megan Reisch her Notice of Rights purported mailed December 2, 2020. Plaintiff timely filed her complaint within the required 90 days after receipt of her notice.

**PARTIES:**

9. Plaintiff Megan B. Reisch is a citizen of Lancaster County in the Commonwealth of Pennsylvania. The defendants employed Plaintiff as a teacher at the Webstaurantstore Learning Center, the childcare center for the employees of Clark Associates, Inc.

10. Defendant Clark Associates Inc. ("Clark Associates") is a collective of companies in the food service industry providing equipment, supplies and related food services. The main business office is located at 3614 Old Philadelphia Pike, Intercourse, Lancaster County, Pennsylvania. Defendant Clark Associates offers their employees a

childcare center known as Webstaurantstore Learning Center where Plaintiff worked for the defendants.

11. Defendant Webstaurantstore Learning Center is a childcare business sub-entity of Clark Associates Inc. The Defendant Learning Center serves the employees of the Clark Associate Companies. The Defendant Learning Center is located at 188 W. Airport Road, Lititz, PA. Plaintiff was a teacher at the Learning Center.

12. At all times relevant. Defendant Clark Associates Inc. and Defendant Webstaurantstore Learning Center acted by and through all executives, leadership, owners, management, managers, directors, supervisors, teachers, staff, employees and all other agents for Clark Associates Inc. and Webstaurantstore Learning Center. Said acts and failures to act were with the scope of such agency and/or employment, Defendant Clark Associates Inc. and Defendant Webstaurantstore Learning Center participated and/or ratified the unlawful acts.

13. Defendant Lindsey Foose was the Director of Webstaurantstore Learning Center. She was a supervisor and decision maker relative to Plaintiff's terms and conditions of employment and Plaintiff's involuntary separation from employment. At all times relevant, Defendant Foosey acted individually and acted on behalf of Defendant Clark Associates Inc. and she acted on behalf of Defendant Webstaurantstore Learning Center. Defendant Foose aided and abetted discrimination directed at Plaintiff Megan Reisch.

**CLAIMS:**

14. Plaintiff is a female over the age of 40. Plaintiff is a member of protected classes based on her sex, pregnancy, and dependent caregiving responsibilities.

15. In 2016, Defendant Clark Associates opened the Webstaurantstore Learning Center, a child care center for their employees. The Center serves workers' children from six (6) weeks to five (5) years of age.

16. On or about September 5, 2017, Plaintiff was hired as a teacher for the Webstaurantstore Learning Center. Former director Tanya Shaw hired the plaintiff. Plaintiff was hired as a floater for the preschool children ages three (3) to five (5) years and then assigned to the toddlers, two (2) years of age.

17. Plaintiff had excellent work performance and she demonstrated the qualifications, skills and compassion to perform the duties teaching young children: "You have learned quickly the needs of your students and implemented strategies to help them succeed." Then director Tanya Shaw ranked the plaintiff's performance at the highest level 5 for "mastered this area and could teach others." See Staff Evaluation at Exhibit A.

18. On or about March 2018, Defendant Lindsey Foose was hired as an assistant teacher at the Webstaurantstore Learning Center. Defendant Foose floated between the toddler rooms, including the room that Plaintiff was the teacher along with co-teacher Lauren Crowe.

19. On or about mid-June 2018, Plaintiff informed assistant teacher Lindsey Foose, co-teacher Lauren Crowe and then director Tanya Shaw that she was pregnant and due to give birth on February 3, 2019.

20. Plaintiff purposely announced her pregnancy early to take full advantage of the Clark Associates' child care employee benefit and especially one of the perks for the staff at Webstaurantstore Learning Center. Then director Tanya Shaw assured the plaintiff that her baby would be enrolled in the daycare program at work. It was

understood that as a teacher at the Center, Plaintiff would have a spot for her baby upon her return to work from maternity leave. Plaintiff made it clear that she would be taking maternity leave and returning to full time teaching at the Learning Center with her baby in the day care center, comparable to other teachers at the Learning Center whose children were in the onsite day care program.

21. Then director Tanya Shaw assured the plaintiff that her baby would be enrolled in the day care program.

22. On or about June 24, 2018, Defendant Lindsey Foose was promoted to director replacing Tanya Shaw. Defendant Foose chose Lauren Crowe as her assistant.

23. Plaintiff was over 40 years old during her pregnancy therefore she was considered a higher risk pregnancy because of her age. As a result of her pregnancy, Plaintiff needed to urinate more frequently. She needed to rest and sit more often.

24. Classroom staff could only go to the bathroom if another adult was in the room for relief.

25. Plaintiff requested reasonable pregnancy accommodation. On or about August 14, 2018, Plaintiff made her request to Defendant Director Lindsey Foose. Plaintiff requested switching rooms to an older age group with less lifting, more opportunity to sit and easier access to the restroom.

26. Director Foose denied Plaintiff's reasonable request for pregnancy accommodation.

27. Plaintiff was hired to work ten (10) hours a day, four (4) days a week from 8:00 am to 6:00 pm, closing the building for the day.

28. On or about September 6, 2018, Plaintiff informed Defendant Director Foose that working ten (10) hours a day was too much. Plaintiff was not hydrating enough. Plaintiff was now in her second trimester of her pregnancy. Defendant Director mentioned to Plaintiff that there was a wait list for the infant room but no mention of Plaintiff's baby. Plaintiff assumed that her name was on the list for a spot for her baby.

29. Plaintiff again requested reasonable pregnancy accommodation with alternative options:

    a. Plaintiff requested to work eight (8) hours a day for (5) days a week.

    b. Plaintiff requested that a substitute or additional hire cover some of her hours.

    c. Plaintiff applied for an advertised 7 am to 3:30 pm food prep position with work limited to eight (8) hours a day.

30. Defendant Director Foose denied the reasonably requested work hour changes.

31. Defendant Director Foose denied the plaintiff the advertised 7 am to 3:30 pm food prep position.

32. Defendant Director Foose knowingly and unreasonably offered the plaintiff a nine (9) hours work day combination 9 to 6 food prep with afternoon teaching duties to close the building at 6:00 pm.

33. One week hence, Defendant Foose filled the 7 am to 3:30 pm prep position. Defendant Foose hired a younger worker, not pregnant. Plaintiff was wrongfully denied this position and wrongfully denied available accommodation. Defendants subjected the plaintiff to disparate treatment.

34. Plaintiff believed and Defendants lead Plaintiff to believe that her baby due to be born in February 2019, had a place reserved in the infant room. At no time was the plaintiff instructed that she, a teacher in the school, had to place her request in writing for a spot in the infant room. Defendants were aware that the plaintiff required on-site day care for her baby for her return to work after maternity leave.

35. On or about September 24, 2018, Plaintiff learned for certain that her baby was not placed on the infant room waiting list. This information was brought to Plaintiff's attention by a co-worker, Lisa Ward. The infant room waiting list was stapled to the front of a folder left on the front desk of the entrance office by the lobby. The front office is accessible and open to the public through a window in the lobby. The front office is accessible and open to staff by a door that staff regularly entered into the office to use the copier and time-clock computer.

36. Co-worker Mary Goldstein was also in the front office at the time. Additional staff was in the front office using the computer to print out notes for a scheduled meeting that evening of September 24 at 6:00 pm with Paige Diehm, corporate manager for the Learning Center who supervised Defendant Lindsey Foose.

37. Plaintiff was shocked, upset and distraught that her baby was not on the infant room waiting.

38. The 6:00 pm meeting on September 24, 2018, with Paige Diehm was held as scheduled. Director Lindsey Foose and Assistant Director Lauren Crowe were not invited and not present. This was a follow-up meeting to earlier staff complaints against Director Foose regarding her poor management. Plaintiff reported that to her surprise and great dismay, her baby was not listed on the infant waiting list contrary to the

7

representations that agents for the defendants made to her and she relied upon. Eight (8) families were on the list for the infant room that requested enrollment after the plaintiff.

39. There was no rule in effect that prohibited staff from access to the front office, necessary to access copier and computer. There was no rule in effect that prohibited staff from viewing the enrollment and waiting list for any of the classrooms.

40. The Defendants terminated the Plaintiff's employment one week later, October 1, 2018. Director Lindsey Foose falsely accused the plaintiff of a confidentiality breach. Lauren Crowe and Paige Diehm were present at the termination.

41. The Defendants' business reason to terminate the Plaintiff's employment was false, unfounded and pretext for discrimination. Plaintiff did not violate or breach confidentiality. See Pennsylvania Unemployment Compensation Determination for the plaintiff attached at Exhibit B.

42. The enrollment and wait lists for classrooms were necessary information for the staff and teachers to plan accordingly.

43. Defendants targeted the plaintiff and treated her differently, disparately and adversely.

44. Employees Lisa Ward (not pregnant/not caregiver) and Mary Goldstein (not pregnant/not caregiver) were present in the front office with the plaintiff and viewed the waiting lists for the classroom. Lisa Ward and Mary Goldstein were not terminated from employment. Defendants subjected Plaintiff to unlawful disparate treatment.

45. Defendants denied the plaintiff's reasonable requests for pregnancy accommodation yet staff not pregnant was allowed to transfer to different rooms. Kari Drexel was granted her request to move from young toddler room (age 1) to older

toddler. Ashley in the Young Toddler room was granted her request to transfer to care for the babies.

46. Plaintiff did not receive any warning or disciplinary action prior to her termination. Defendants failed to equally enforce their company policies and procedures and otherwise company policies and procedures did not exist.

47. Defendants refused or denied the plaintiff reasonable pregnancy accommodation and/or retaliated against her for requesting pregnancy accommodation.

48. Defendants treated the plaintiff differently, disparately, and adversely because she was pregnant and required childcare to continue working at the Learning Center after her maternity leave. Defendants' disparate and adverse actions were wrong and illegal conduct towards women with young children.

49. Defendants subjected the plaintiff to discrimination, disparate treatment, unequal work conditions, hostile work conditions and wrongful discharge based on her sex, pregnancy, upcoming maternity leave and childcare responsibilities.

50. Defendants retaliated against the plaintiff for engaging in protected activity, requesting pregnancy accommodation, requesting available onsite childcare, notified the defendants of upcoming entitled maternity leave and making good faith reports of disparate treatment.

51. Defendant Lindsey Foose acted individually and as agent for Defendant Clark Associates and Defendant Webstaurantstore Learning Center. Defendant Lindsey Foose aided and abetted discrimination and treated the plaintiff differently, adversely and disparately based on the plaintiff's sex, pregnancy and upcoming maternity leave, and dependent childcare responsibilities.

52. Defendant Lindsey Foose failed to engage in the interactive process and wrongfully denied the plaintiff's requests for reasonable pregnancy accommodation.

53. Defendants wrongfully interfered with the plaintiff's rights under The Pregnancy Discrimination Act (PDA) that forbids discrimination based on pregnancy when it comes to any aspect of employment, including hiring, firing, pay, job assignments, promotions, layoff, training, fringe benefits, such as leave (maternity and otherwise) and health insurance, and any other term or condition of employment.

54. The Defendants denied the plaintiff equal conditions of employment and denied her equal terms of employment.

55. The Defendants retaliated against Plaintiff for engaging in protected activity, requesting accommodation and exerting her protected rights under Title VII and exerting her protected rights under Pregnancy Discrimination Act (PDA) and exerting her protected rights under Pennsylvania Human Relations Act (PHRA).

56. Plaintiff suffered harm, losses and damages as a result of the Clark Associate Defendants' joint and separate actions and as a result of the actions taken by Defendant Lindsey Foose.

57. Plaintiff timely filed administrative charges of discrimination against Defendants with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission. Plaintiff exhausted her administrative remedies.

## COUNT I

## VIOLATIONS OF TITLE VII

## MEGAN B. REISCH V CLARK ASSOCIATES INC. AND WEBSTAURANTSTORE LEARNING CENTER

58. The allegations of paragraphs 1 thru 58 are incorporated by reference.

59. The conduct by Defendants Clark Associates Inc. and Webstaurantstore Learning Center described above constitutes violations of Title VII of the Civil Rights Act of 1964 as amended.

60. The conduct by Defendants Clark Associates Inc. and Webstaurantstore Learning Center described above was willful within the meaning of Title VII of the Civil Rights Act of 1964 as amended.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants Clark Associates Inc. and Webstaurantstore Learning Center and the Court:

(A) Award Plaintiff actual damages for loss of revenue, including back pay, differential pay, future earnings and lost benefits with interest;

(B) Award Plaintiff compensatory damages for distress, lost career, embarrassment, and humiliation;

(C) Award Plaintiff punitive damages;

(D) Award Plaintiff costs of this action and reasonable attorney's fees;

(E) Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

**COUNT II**

**VIOLATIONS OF THE PREGNANCY DISCRIMINATION ACT**

**MEGAN B. REISCH V CLARK ASSOCIATES INC. AND**

**WEBSTAURANTSTORE LEARNING CENTER**

61. The allegations of paragraphs 1 thru 60 are incorporated by reference.

62. The conduct by Defendants Clark Associates Inc. and Webstaurantstore Learning Center described above constitutes violations of The Pregnancy Discrimination Act.

63. The conduct by Defendants Clark Associates Inc. and Webstaurantstore Learning Center described above was willful within the meaning of The Pregnancy Discrimination Act.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants Clark Associates Inc. and Webstaurantstore Learning Center and the Court:

(A) Award Plaintiff actual damages for loss of revenue, including back pay, differential pay, future earnings and lost benefits with interest;

(B) Award Plaintiff compensatory damages for distress, lost career, embarrassment, and humiliation;

(C) Award Plaintiff punitive damages;

(D) Award Plaintiff costs of this action and reasonable attorney's fees;

(E) Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

# COUNT III

# VIOLATIONS OF THE PHRA

# MEGAN B. REISCH V. CLARK ASSOCIATES INC. AND

# WEBSTAURANTSTORE LEARNING CENTER AND LINDSEY FOOSE

64. The allegations of paragraphs 1 thru 63 are incorporated by reference.

65. The conduct by Defendants described above constitutes violations of the Pennsylvania Human Relations Act.

66. Individually named defendant Lindsey Foose aided and abetted discrimination in violation of the Pennsylvania Human Relations Act.

67. The conduct by Defendants described above was willful within the meaning of the Pennsylvania Human Relations Act.

**WHEREFORE**, Plaintiff Megan Reisch respectfully requests that this Honorable Court enter judgment in her favor and against Defendants and the Court:

(A) Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and lost benefits with interest;

(B) Award Plaintiff compensatory damages for emotional and physical distress, lost career, embarrassment, and humiliation;

(C) Award Plaintiff costs of this action and reasonable attorney's fees;

(D) Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

Respectfully submitted:

*s/ Nina B. Shapiro, Esquire*

Attorney for Plaintiff

PA #44040

53 North Duke Street, Suite 201

Lancaster, PA 17602

717-399-8720

bgdnbs@aol.com

03/01/2021  ninashaplaw@aol.com